IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Charles William Carter,                          :

                        Plaintiff               :        Civil Action 2:06-cv-918

        v.                                       :        Judge Sargus

Michael Sheets, *et al.*,                        :        Magistrate Judge Abel

                        Defendant               :


### INITIAL SCREENING
### REPORT AND RECOMMENDATION

Plaintiff Charles William Carter, an inmate at Ross Correctional Institution

("RCI"), brings this prisoner civil rights action under 42 U.S.C. §1983.  This matter is

before the Magistrate Judge for a Report and Recommendation on initial screening of

the complaint pursuant to 28 U.S.C. §1915A(a) and (b)[1] and 42 U.S.C. §1997e(c) to

_____

[1]The full text of §1915A reads:

    (a) Screening.--The court shall review, before docketing,
    if feasible or, in any event, as soon as practicable after
    docketing, a complaint in a civil action in which a prisoner
    seeks redress from a governmental entity or officer or
    employee of a governmental entity.

    (b) Grounds for Dismissal.--On review the court shall
    identify cognizable claims or dismiss the complaint, or any

identify cognizable claims, and to dismiss the complaint, or any portion of it, which is

frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief.  Because the

complaint fails to allege that plaintiff exhausted his Ohio prison administrative rem-

edies as required by 42 U.S.C. § 1997e(a) before tendering his complaint to the Clerk of

Court, the Magistrate Judge **RECOMMENDS** that the complaint be DISMISSED without

prejudice to re-filing after plaintiff has exhausted those remedies.

Warden Michael Sheets, former Warden Pat Hurley, Investigator Marty L.

Thornsbury, Institutional Inspector Robert Whitten, Lieutenant Turner, Sergeant Sholl,

Sergeant Guy, Sergeant Taylor, Case Manager J. Cox, School Administrator James Nash,

Deputy Warden Carol Upchurch, House Unit Manager Cansuella Henry, Major Roger

D. Hall, Captain Price, Librarian Williams, Director Reginald A. Wilkinson, Chief

Inspector Cheryl Martinez, Assistant Chief Inspector Linda C. Coval, Ohio Assistant

---

portion of the complaint, if the complaint--

    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2) seeks monetary relief from a defendant who is immune from such relief.

    (c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentence for, or adjudicated delinquent for, violations of criminal law or terms and conditions of parole, probation, pretrial release, or diversionary program.

Attorney General Tomi L. Dorris, Acting Institutional Inspector Cassie J. Warner, and Acting Institutional Inspector Tim Shoop are named as defendants in the complaint.

The complaint alleges that defendants have violated plaintiff's Constitutional rights under the First, Fifth, and Fourteenth Amendments. The complaint alleges that defendants have retaliated against plaintiff for filing and litigating several cases against the defendants. Compl. ¶ 3. The complaint alleges that RCI violates the Constitution by continually failing to provide required legal services and intentionally blocking or hindering access to the courts. ¶ 35. The law library is inadequate. ¶ 36. The inmates are denied the ability to mail legal documents. ¶ 38.

Although he has attached numerous documents, plaintiff has not demonstrated that he has exhausted his prison administrative remedies as to all defendants and all claims. Plaintiff has not attached documents indicating that the he filed grievances with respect to defendants Warden Michael Sheets, former Warden Pat Hurley, Lieutenant Turner, Sergeant Sholl, Case Manager J. Cox, House Unit Manager Cansuella Henry, Director Reginald A. Wilkinson, Chief Inspector Cheryl Martinez, Assistant Chief Inspector Linda C. Coval, Ohio Assistant Attorney General Tomi L. Dorris, Acting Institutional Inspector Cassie J. Warner, and Acting Institutional Inspector Tim Shoop.

Section 1997e(a) provides that "no action shall be brought with respect to prison conditions under §1983 . . . by a prisoner confined in any . . . prison . . . until such administrative remedies as are available are exhausted." Ohio inmates have grievance procedures available under the Ohio Administrative Code §5120-9-31. A complaint may

3

not be filed in federal court until the prisoner has filed a grievance under Ohio Admin. Code §5120-9-31, the grievance has been acted on, and the prisoner has exhausted all of his administrative appellate rights with respect to the grievance. *Wright v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Further, prisoners must "allege and show" that they have exhausted all administrative remedies. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). A prisoner "should attach to his §1983 complaint the administrative disposition of his complaint." *Id.* A prisoner must exhaust his prison administrative grievance remedies even though he cannot obtain the monetary relief he seeks in Court through the prison grievance procedures. *Booth v. Churner*,532 U.S. 731, 741 ( 2001); *Dellis v. Corrections Corp. of America*, 257 F.3d 508, 510 (6th Cir. 2001). Here plaintiff has failed to provide the Court with copies of grievances and the dispositions of those grievances demonstrating that he has fully exhausted his prison administrative remedies as to each claim brought against each Defendant.

Accordingly, the Magistrate Judge **RECOMMENDS** that the complaint be **DISMISSED** without prejudice under 42 U.S.C. §1997e(a) for failure to exhaust prison administrative remedies.

**IT IS FURTHER ORDERED** that the United States Marshal serve upon each defendant named in part III, B and C of the form civil rights complaint a summons, a copy of the complaint, and a copy of this Order. Defendants are not required to answer the complaint unless later ordered to do so by the Court.

The Clerk of Court is DIRECTED to mail a copy of this Order to the Attorney

General of Ohio, Corrections Litigation Section, 150 East Gay St., 16th Floor, Columbus, OH 43215.


If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).



s/Mark R. Abel
United States Magistrate Judge