IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Charles William Carter,                               :

       Plaintiff                              :    Civil Action 2:06-cv-918

v.                                                    :    Judge Sargus

Michael Sheets, *et al.*,                             :    Magistrate Judge Abel

       Defendant                              :

## Order

Plaintiff Charles William Carter, an inmate at Ross Correctional Institution ("RCI"), brings this prisoner civil rights action under 42 U.S.C. §1983. This matter is before the Court on Plaintiff's objections to the Magistrate Judge's November 16, 2006 Report and Recommendation that his complaint be dismissed for failure to exhaust prison administrative remedies (doc. 8).

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** in part and **OVERRULES** in part the Report and Recommendation and DISMISSES Plaintiff's Complaint as to all Defendants but Defendant Williams.

Section 1997e(a) provides that "no action shall be brought with respect to prison conditions under §1983 . . . by a prisoner confined in any . . . prison . . . until such administrative remedies as are available are exhausted." Ohio inmates have grievance procedures available under the Ohio Administrative Code §5120-9-31. A complaint may not be filed in federal court until the prisoner has filed a grievance under Ohio Admin. Code §5120-9-31, the grievance has been acted on, and the prisoner has exhausted all of his administrative appellate rights with

respect to the grievance. *Wright v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Further, prisoners must "allege and show" that they have exhausted all administrative remedies. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). A prisoner "should attach to his §1983 complaint the administrative disposition of his complaint." *Id.*

Ohio provides for a three-step inmate grievance procedure by which inmate grievances are investigated. First, an inmate must contact an appropriate institutional department or staff member to resolve the dispute informally. Ohio Admin. Code §5120-9-31(J)(1). The inmate may then file a formal complaint with the inspector of institutional services. Ohio Admin. Code §5120-9-31(J)(2). An inmate may appeal the resolution of his grievance to the Chief Inspector, who must decide the appeal within thirty calendar days. Ohio Admin. Code §5120-9-31(J)(3).

Prisoners must do more than file an initial grievance to exhaust remedies under §1997e(a). The exhaustion requirement means that *all* administrative remedies must be exhausted. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001). If the grievance is denied initially, the prisoner must, within the time frame required by the administrative regulations, proceed on to the next step of the prison grievance procedure. *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). An Ohio prisoner using the grievance remedies available under O.A.C. §5120-9-31 must, within fourteen calendar days of the disposition of his grievance, appeal to the Chief Inspector. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); O.A.C. §5120-9-31(J)(3). If he fails to do so, the prisoner has not exhausted his prison administrative remedies as required by §1997e(a). *Freeman*, 196 F.3d at 645.

In order for a prisoner to successfully bring a complaint against several individuals, he must use the prison grievance procedure to exhaust his administrative remedies as to each named

2

person. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001)(stating there is a requirement that "a prisoner file a grievance against the person he ultimately seeks to sue.) However, if a prisoner submits a complaint that contains both exhausted and unexhausted claims, the Court may dismiss without prejudice his unexhausted claims and proceed on the merits of his exhausted claims. See *Spencer v. Bouchard*, 449 F.3d 721, 726 (6th Cir. 2006)("the partial-exhaustion rule is the law of this circuit); *J.P. v. Taft*, 439 F. Supp. 2d 793 (S.D. Ohio 2006).

Plaintiff submitted numerous exhibits showing that he, at several times, filed informal complaints, formal grievances, and appeals, which stated that he did not have sufficient access to the library. However, for the most part, these forms simply state general grievances regarding library access rather than grievances against specific individuals. The lone exception to this is Plaintiff's informal complaint, formal complaint, and appeal stating that a librarian, Ms. Williams (first name unknown), had retaliated against him for his numerous lawsuits against the prison and its officials by confiscating certain documents that she claimed were contraband and turning them over to another prison official. (See Exhibits F1-F7).

Thus, Plaintiff has exhausted his prison remedies regarding Ms. Williams' alleged confiscation of his legal documents. However, he has failed to exhaust his claim against any other named Defendant. Thus, Defendants Warden Michael Sheets, former Warden Pat Hurley, Investigator Marty L. Thornsbury, Institutional Inspector Robert Whitten, Lieutenant Turner, Sergeant Sholl, Sergeant Guy, Sergeant Taylor, Case Manager J. Cox, School Administrator James Nash, Deputy Warden Carol Upchurch, House Unit Manager Cansuella Henry, Major Roger D. Hall, Captain Price, Director Reginald A. Wilkinson, Chief Inspector Cheryl Martinez, Assistant Chief Inspector Linda C. Coval, Ohio Assistant Attorney General Tomi L. Dorris,

Acting Institutional Inspector Cassie J. Warner, and Acting Institutional Inspector Tim Shoop are DISMISSED from this lawsuit. Defendant Williams remains a defendant in this action.

                                                12-12-2006
                                     United States District Judge