IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Charles William Carter, | : | |
| Plaintiff | : | Civil Action 2:06-cv-918 |
| v. | : | Judge Sargus |
| Michael Sheets, *et al.*, | : | Magistrate Judge Abel |
| Defendant | : | |

**ORDER**

Plaintiff Charles William Carter, an inmate at Ross Correctional Institution

("RCI"), brings this prisoner civil rights actions under 42 U.S.C. §1983.  This matter is

before the Court on Plaintiff's objections (doc. 70) to the Magistrate Judge's June 26,

2008 Report and Recommendation.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B),

the Court **ADOPTS** the Report and Recommendation and **DISMISSES** Plaintiff's

Complaint as to all Defendants except Defendant Williams.

**Background and Procedural History**

Plaintiff Charles William Carter filed a Complaint against twenty one

Defendants, most of whom are prison officials at RCI, on October 30, 2006.  (Doc. 2.)

The Complaint alleges that Defendants violated Carter's Constitutional rights under the

First, Fifth, and Fourteenth Amendments.  (Doc. 2, p. 6, ¶ 1.)  On November 17, 2006,

the Magistrate Judge entered an initial screening of Carter's Complaint. (Doc. 4.) The

screening recommended that all Defendants in this matter be dismissed because

Plaintiff had failed to affirmatively show that he had exhausted the administrative

grievance procedure with respect to each claim. (*Id.*) On December 13, 2006, the Court

allowed Carter to proceed on his claim against Defendant Williams, a librarian at RCI,

but dismissed all other Defendants as Plaintiff had failed to show that he had exhausted

his prison remedies as to each of them because they were not consistently named

throughout the grievances submitted by Plaintiff. (Doc. 9.)

On January 22, 2007, the Supreme Court of the United States issued an opinion

that concluded that several of the rules adopted by the Sixth Circuit pertaining to the

procedure that a prisoner must follow when filing a lawsuit under 42 U.S.C. §1983 were

not required by the Prison Litigation Reform Act (PLRA), and therefore, could not be

instituted by the courts. *Jones v. Bock*, 127 S.Ct. 910 (2007). The Supreme Court held that

a prisoner does not have to affirmatively plead exhaustion in the Complaint. *Id.* at 921.

It also held that a prisoner must only comply with the prison grievance procedures, and

thus, if the prison grievance procedures do not require a prisoner to individually name

every person at the first grievance step neither can the courts. *Id.* at 922-923.

On March 7, 2007, the Court entered an order requesting that the parties brief

whether *Jones v. Bock* requires the reinstatement of all previously dismissed Defendants.

After briefings were completed, I entered an order directing the Clerk of Court to re-

add the previously dismissed Defendants. (Doc. 45, p. 4.) I also remanded to the

Magistrate Judge for another initial screening.  (*Id*. at p. 5.)

The Magistrate Judge issued a Report and Recommendation ("R&R") on June 26,

2008.  (Doc. 66.)  The R&R recommends that all Defendants, except Defendant Williams,

be dismissed.  Carter, after receiving an extension of time until July 28, 2008, filed his

objections to the Magistrate Judge's R&R on July 29, 2008.  (Doc. 70.)  Carter dated the

objections July 27, 2008.  (*Id*. p. 34.)

**Objections**

As an initial matter, the R&R states that if any party objects to the Report and

Recommendation, that party may file and serve on all parties a motion for

reconsideration by the Court, specifically designating the Report and Recommendation,

the part thereof in question, and the basis for the objection.  (Doc. 66, pp.  19-20.)  The

Court will consider those objections raised in accordance with the instructions in the

R&R.  See *Martin v. LaBelle*, 7 Fed.Appx. 492, 494 (6th Cir. Mar. 27, 2001) (not published)

("After the issuance of a magistrate judge's report and recommendation, an objecting

party must 'identify the portions of the magistrate's recommendation to which

objection is made and the basis for the objection.'") (internal citation omitted).

Plaintiff Charles William Carter objects to the R&R's treatment of Defendants

Sheets and Upchurch.  Carter's objection asserts that the R&R states that Sheets is only

mentioned in the Complaint with respect to his designation as the warden at RCI.  (Doc.

70, p. 8.)  Carter's objection asserts that Sheets was also mentioned in exhibits attached

to his Complaint.  (*Id*. at pp. 8-9.)  Carter argues that from the exhibits it is clear that

3

Defendant Sheets used word games to avoid answering the informal complaints. (*Id.* at p. 9.) Carter's objection, with respect to Defendant Upchurch, reiterates Upchurch's failure to respond properly to his grievances. (*Id.* at pp. 15-16.)

Carter also states that the R&R refers to the fact that it takes numerous requests to get ACI forms. (Doc. 70, p. 29.) He further explains that there is a statute of limitations for inmates to file grievance forms and thus the numerous request creates the possibility of untimeliness. (*Id.*)

Carter's objection is OVERRULED. Carter's objection does not provide a basis for overruling the R&R. Also, as the R&R explains, Carter does not have a constitutional right to an effective grievance procedure. (Doc. 66, pp. 13-14) (citing *Argue v. Hofmeyer*, 80 Fed. Appx. 427, 2003 WL 22495834 (6th Cir. Oct. 30, 2003) (not published); *Flowers v. Tate*, 925 F.2d 1463, 1991 WL 22009 (6th Cir. Feb. 22, 1991) (not published)).

Carter objects to the R&R citation to the record. Carter argues that "[t]he R&R Doc. 66 states that the argument as to Defendant Nash is '(*Id.* at p. 16-17, ¶45)', that is incorrect. The argument as to Defendant Nash is ¶45 on page 11-12 of Doc. 2 . . . ." (Doc. 70, p. 13.)

The objection, if any, is OVERRULED. The R&R refers to the Plaintiff's Complaint as uploaded into the CM/ECF system. Plaintiff divided his Complaint into two sections, but they were uploaded as one document—the Complaint.

Plaintiff next objects to the R&R's analysis with respect to Defendants alleged

intercepting of outgoing mails. The objection relates to Defendants Hurley and

Thornsbery. (Doc. 70, pp. 10-11.) Carter argues that prison authorities are not allowed

to interfere with outgoing mail, unless they have probable cause to believe that the

inmate is using the mail to facilitate an escape or to carry out a crime. (*Id.* at p. 10.)

> Carter's objection is OVERRULED. As a recent Seventh Circuit decision states:

> Prisoners have a First Amendment right both to receive and send
> mail. *Kaufman v. McCaughtry*, 419 F.3d 678, 685 (7th Cir.2005). And
> the Supreme Court has recognized that the implications of outgoing
> correspondence for prison security are of a categorically lesser
> magnitude than the implications of incoming materials. See
> *Thornburgh v. Abbott*, 490 U.S. 401, 411, 413, 109 S.Ct. 1874, 104 L.Ed.
> 2d 459 (1989). Still prisons may regulate the transmission of outgoing
> mail so long as doing so "furthers one or more of the substantial
> governmental interests of security, order, and rehabilitation,"
> and is "generally necessary" to protect these interests. *Procunier*,
> 416 U.S. at 413-14, 94 S.Ct. 1800. *See Nasir v. Morgan*, 350 F.3d 366, 371,
> 374 (3d Cir.2003); Leonard v. Nix, 55 F.3d 370, 374 (8th Cir.1995);
> *Martucci v. Johnson*, 944 F.2d 291, 295-96 (6th Cir.1991).

*Koutnik v. Brown*, 189 Fed. Appx. 546, 549 (7th Cir. July 19, 2006) (not published). Also,

Ohio Admin. Code §5120-9-18 provides:

> (A) There shall be no limitation on the number of letters that an
> inmate may send, nor shall there be any restrictions as to persons
> with whom an inmate may correspond, except as provided in this
> rule.
> . . . .
> (C) Legal mail is mail addressed to an attorney at-law, a public
> service law office, a law school legal clinic, a court of law, or the
> Correctional Institution Inspection Committee. Such mail must
> be clearly addressed reflecting one of the above addressees and
> be marked "legal mail" by the inmate.
> . . . .
> (E) All outgoing mail shall be clearly identified by the sender's
> name, institution number and return address. Any outgoing mail
> not so identified may be opened and read for the purpose of

5

identifying the sender. . . .

. . . .

(G) Any violation of the preceding procedures and prohibitions by the inmate shall be considered a violation of the inmate rules of conduct and may result in disciplinary action. . . .

As the R&R explains, and Plaintiff does not dispute, Carter was not barred from mailing outgoing documents. Rather, he was punished for using other prisoners to mail his documents in contravention of prison regulations. (Doc. 66, pp. 16-17.)

Carter's next objection asserts that page 10 of the R&R states: "For the reasons provided below, this allegation is insufficient to allow Carter to proceed on a denial of access to court cause of action." (Doc. 70, p. 25.) Carter contends that no reason was provided. (*Id.*)

Carter's objection is OVERRULED. The explanation was provided on page 16 of the R&R. The R&R states that: "Likewise, Plaintiff's Complaint attempts to plead a cause of action against Williams, Upchurch, Price, Taylor, and **Coval**, but Carter did not plead any prejudice or injury." (Doc. 66, p. 16) (emphasis added).

Carter finally objects to the R&R's analysis with respect to his access to court claims. (Doc. 66, pp. 30-31.) The R&R recommends that the potential access to court claims against Defendants Nash, Williams, Upchurch, Price, Taylor, Coval, Hurley, and Whitten be dismissed. (Doc. 66, p. 16.) The R&R states that Plaintiff did not plead the injury suffered, rather he pled that the Defendants' conduct violated *Bounds v. Smith*, 430 U.S. 817 (1977). (*Id.*) Carter now argues that he had two cases dismissed because of Defendants' conduct and the Sixth Circuit, finding that Carter proved injury, reversed

6

and remanded one of those cases.  (Doc. 70, pp. 30-31.)

Plaintiff's objection is OVERRULED.  Carter named Nash, Williams, Upchurch, Price, Taylor, Coval, Hurley, and Whitten as Defendants and alleged that they denied him access to courts.  Nevertheless, his Complaint does not plead the injury he suffered.  *See generally Lewis v. Casey*, 518 U.S 343 (1996).  Indeed, Plaintiff's Complaint repeatedly alleges that Defendants' conduct violated *Bounds v. Smith*.  Further, the Sixth Circuit did not find that plaintiff proved injury with respect to an access to court claim.  Rather, the case that Carter refers the Court to involved an Eight Amendment claim, and the injury the Sixth Circuit referred to was injury stemming from exposure to harmful materials.  Case No. 05-cv-380, Docket Entry 45, page 3.  In fact, the Sixth Circuit stated that:

> In the Complaint, Plaintiff expressly states that "[t]he actions of Defendants have caused great nemtal [sic] injury and exposed [him] to possable [sic] great physical harm, possibly resulting in death.  This harm, or possible harm has been caused by repeated exposure to hazardous materials which Plaintiff lists are among those found in secondhand smoke, or "environmental tobacco smoke." . . . .

(*Id.*)

Plaintiff Carter's new assertion in his brief supporting his objections that he suffered injury as a result of Defendants' alleged interference with his right of access to the courts is based on the dismissal of *Carter v. Wilkinson, et al.*, 2:05-cv-380 on February 23, 2006 and the dismissal of *Carter v. Hurley*, 2:05-cv-807 on January 31, 2006.  However, he does not explain how Defendants' actions caused those cases to be dismissed.  The claims in the complaint against Nash, Williams and Upchurch relate to the period of July and August 2005.  They are summarized in the Second Initial Screening Report and

Recommendation, at pages 6-7 and 9.  None of the actionable conduct relates to the dismissal of 2:05-cv-380 or 2:05-cv-807.  The claims against Coval arise out of her job as Assistant Chief Inspector and are not actionable.  Taylor allegedly retained some of plaintiff's legal documents and denied him use of a typewriter, but the conduct is not alleged to have had any connection with the two dismissed lawsuits.

Defendant Price is alleged to have retaliated against Carter for ordering his own typewriter by bringing disciplinary charges against him.  Carter was ultimately convicted in early December 2005 for using other inmates to mail out his legal documents.  He finished serving the sentence for the disciplinary convictions on December 8, 2005.  Plaintiff asserts that he remained in isolation–awaiting transfer to another prison–until February 9, 2006.  And, that caused him to submit handwritten rather than typed objections to the Reports and Recommendations that led to the dismissal of 2:05-cv-380 or 2:05-cv-807.

This alleged connection between Defendant Price's actionable conduct and the dismissal of the two lawsuits is tenuous at best.  Carter had served his sentence for the disciplinary convictions and was in isolation for other reasons at the time he filed the objections to the Reports and Recommendations.  Further, there is no explanation of how that isolation interfered with his access to the courts.  Carter in fact did file the objections.  Moreover, the objection in 2:05-cv-380 refers to relevant portions of the record and supports its arguments with citations to the relevant case law.  *Carter v. Wilkinson, et al.*, 2:05-cv-380, doc. 39.  Similarly, his objections in *Carter v. Hurley*, 2:05-cv-

807 present reasoned arguments supporting his position.  Plaintiff fails to explain how

Defendants' actionable conduct caused his objections to be less persuasive than they

could have been.  He fails to demonstrate a nexus between Defendants' actionable

conduct and the dismissal of the two lawsuits.

Accordingly, Plaintiff Charles William Carter's objections are **OVERRULED**.

The Court **ADOPTS** the Magistrate Judge's Report and Recommendation.

s/ _____ 8 - 14 - 2008

Edmund A. Sargus, Jr.
United States District Court Judge

9