IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Charles William Carter,           :

        Plaintiff        :        Civil Action 2:06-cv-918

v.                                :        Judge Sargus

Michael Sheets, *et al.*,         :        Magistrate Judge Abel

        Defendant        :

**ORDER**

Plaintiff Charles William Carter, an inmate at Ross Correctional Institution ("RCI"), brings this prisoner civil rights actions under 42 U.S.C. §1983. This matter is before the Court on Plaintiff's objections (doc. 84) to the Magistrate Judge's June 2, 2009, Report and Recommendation.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation and **GRANTS** Defendant Williams' February 27, 2009 motion for summary judgment (doc. 80).

**Background and Procedural History**

Plaintiff Charles William Carter filed a complaint against twenty one Defendants, most of whom are prison officials at RCI, on October 30, 2006. (Doc. 2.) The complaint alleges that Defendants violated Carter's Constitutional rights under the First, Fifth, and Fourteenth Amendments. (Doc. 2, p. 6, ¶ 1.) On June 26, 2008, the

Magistrate Judge issued a Report and Recommendation (doc. 66.) that all Defendants, except Defendant Williams, be dismissed. On August 14, 2008, the Court issued an Order (doc. 71) adopting the Report and Recommendation and dismissing all Defendants from the lawsuit, except Defendant Williams.

On June 2, 2009, the Magistrate Judge issued a Report and Recommendation (doc. 82) that Defendant Williams' February 27, 2009 motion for summary judgment (doc. 80) be granted.

The complaint alleges that Williams retaliated against Carter because he had filed grievances concerning the prison library by seizing as purported contraband certain "legal exhibits" which Plaintiff had given her to photocopy. (Doc. 2 at ¶50.) These documents were the property of another inmate, Becker, who had used them as exhibits in other litigation of his own. Williams gave the Becker documents to the shift captain and filed a conduct report. The conduct report was later dropped, and Plaintiff was found not guilty of disciplinary charges of possession of contraband. (Doc. 2 at ¶53.)

The June 2, 2009 Report and Recommendation held that Plaintiff had failed to rebut Williams' assertion that she would have taken the action of initiating disciplinary proceedings regardless of Carter's having previously filed grievances about her actions as prison librarian, *Mount Healthy City Sch. Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274 (1977), and that Carter had failed to offer evidence that, if credited, would demonstrate by a preponderance that Williams' alleged retaliatory conduct (initiating disciplinary

2

proceedings) would have deterred a person of ordinary firmness from exercising his right of access to the courts. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

## Objections

Plaintiff Carter argues in his objections that Williams' conduct is just part of a larger conspiracy by employees of the Ohio Department of Rehabilitation and Correction to stop inmates from filing legal actions against them. However, Plaintiff offers no evidence to support this allegation, and he does not point to any instance in which he has, in fact, been denied access to the courts or has suffered legal prejudice in a pending lawsuit as a result of Defendant Williams' conduct.

Plaintiff does not offer any argument directly addressing the Magistrate Judge's finding that the uncontroverted evidence demonstrates that Williams would have seized the Becker documents and turned them over to the shift captain for further investigation regardless of whether Carter had filed previous grievances against her because Ohio Department of Rehabilitation and Correction ("ODRC") Policy 59-LEG-01, §F.2.d provides that:

> The fact that one inmate is assisting another, does not entitle such inmate to maintain possession [of] the legal materials of another inmate. Inmates may maintain possession of their own legal materials as provided above in Paragraph E.

Since there was a wholly independent and lawful basis for Williams to seize the Becker documents and initiate the disciplinary proceedings, Plaintiff's retaliation claim fails. *Mount Healthy*, above.

Plaintiff Carter does assert that the Magistrate Judge erred in finding that a

3

person of of ordinary firmness would not have been deterred from exercising his right of access to the courts. He maintains that he is a person of far more than average perseverance. While that may well be so, the Court concludes as a matter of law on the uncontroverted facts here that a person of ordinary firmness would not have been deterred by Williams' seizing the Becker documents and filing a conduct report from exercising his right of access to the courts.

Carter's objections are **OVERRULED**. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation. Defendant Williams' February 27, 2009 motion for summary judgment (doc. 80) is **GRANTED**. The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for Defendants. This action is hereby **DISMISSED**.

s/ _____ 6-19-2009
Edmund A. Sargus, Jr.
United States District Court Judge

4